# EXHIBIT A

Filing # 232659349 E-Filed 09/30/2025 02:56:40 PM

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

### Case No. CACE-25-014779

JEWEL HILT,

    Plaintiff,

v.

                                  **CIVIL ACTION SUMMONS**

TRANS UNION LLC,

    Defendant.

_____/

WR2856

OCT.3 0 2025

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

Trans Union LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, Florida 32301

    Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Thomas Patti, Esq., Patti Zabaleta Law Group, 110 SE 6th Street Suite 1732 Fort Lauderdale, Florida 33309, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: _____OCT 03 2025_____

Brenda D. Forman, Clerk of the Circuit & County Court

By: _____
        As Deputy Clerk

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 09/30/2025 02:56:38 PM.****

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Filing # 232529997 E-Filed 09/29/2025 12:18:43 PM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Jewel Hilt</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>Trans Union LLC</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☒ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☐ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Victor Zabaleta      Fla. Bar # 118517
      Attorney or party      (Bar # if attorney)

Victor Zabaleta      09/29/2025
(type or print name)      Date

- 3 -

Filing # 234393943 E-Filed 10/24/2025 11:20:13 AM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No. CACE-25-014779

JEWEL HILT,

      Plaintiff,

v.

TRANS UNION LLC and
CREDIT CORP SOLUTIONS INC,

      Defendants.

_____/

## FIRST AMENDED COMPLAINT

Plaintiff Jewel Hilt ("Plaintiff") sues Trans Union LLC ("Trans Union") and Credit Corp

Solutions Inc ("Credit Corp") for declaratory and supplemental relief and for violations of the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act

("FCCPA"), Fla. Stat. § 559.55 et seq..

### INTRODUCTION

1.    This action arises from Trans Union's failure to provide Plaintiff with a complete

disclosure of her consumer file and its continued reporting of incomplete, inaccurate, and

misleading information despite Plaintiff's disputes, and Credit Corp's unlawful attempts to collect

and report a debt while failing to maintain documentation required by Florida law as a condition

of licensure and while reporting incomplete, misleading, and harmful information to Trans Union.

### JURISDICTION AND VENUE

2.    This is an action for declaratory and supplemental relief under Chapter 86, Florida

Statutes, and for damages under the FCRA, FDCPA, and FCCPA.

3.     Venue is proper in Broward County because Plaintiff resides here, Defendants conduct business here, and the acts and omissions giving rise to this action occurred here.

4.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The amount in controversy is greater than exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

## PARTIES

5.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6.     Trans Union is a Delaware limited liability company, with its principal place of business at 555 South Flower Street, Los Angeles, CA 90071.

7.     Credit Corp is a/an Delaware corporation, with its principal place of business located in Draper, Utah.

## DEMAND FOR JURY TRIAL

8.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

### ALLEGATIONS AS TO TRANS UNION

9.     Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

10.     Trans Union regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

11.     Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

12. This action is the result of Trans Union's multiple failures to comply with the FCRA, whereby Trans Union [1] failed to conduct reasonable investigation regarding information disputed by Plaintiff; [2] failed to consider all relevant information submitted by Plaintiff; [3] failed to delete inaccurate or incomplete information; [4] failed to report information identified by Plaintiff as disputed; [5] failed establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff; [6] failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes; [7] failed to provide a complete or accurate disclosure of Plaintiff's file.

13. On or about September-2024, Plaintiff requested a complete disclosure of Plaintiff's file from Trans Union.

14. On or about September-2024, Trans Union provided an incomplete disclosure of Plaintiff file.

15. The incomplete disclosure provided by Trans Union on or about September-2024 omitted full account numbers, positive payment histories, dates, status, and the identity of prior and current creditors, even though the omitted information that was provided to Trans Union by the furnisher of each account.

16. The information omitted from the disclosure provided by Trans Union on or about September-2024 was contained within Trans Union's file regarding Plaintiff at the time of the request.

17. In reviewing what limited information was provided by Trans Union, Plaintiff discovered a debt collection account reported by Credit Corp that she did not recognize (the "Account").

18. Plaintiff's credit report contains false, incomplete, and inaccurate information, of which includes, but is not limited to, the account reported by Credit Corp.

19. The Account is inaccurate and incomplete.

20. The Account lacked essential identifying and contextual information, including the original date the account was opened, the date it was closed, the account number, payment history, and other details necessary for Plaintiff to identify or verify the debt.

21. The incomplete reporting of the Account materially hindered Plaintiff's ability to determine whether the debt was valid, collectible, time-barred, or otherwise enforceable.

22. The incomplete reporting of the Account prevented Plaintiff from demonstrating positive account history, such as payment history and dates of activity, that would have improved her creditworthiness if reported.

23. The incomplete reporting of the Account caused Plaintiff to be evaluated less favorably by prospective creditors and materially diminished her creditworthiness.

24. On or about November-2024, Plaintiff notified Trans Union in writing that the Account was incomplete and inaccurate.

25. As part of the November-2024 dispute, Plaintiff requested a copy of Plaintiff's credit report from Trans Union.

26. As part of the November-2024 dispute, Plaintiff included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

27. As part of the November-2024 dispute, Plaintiff provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's credit report.

28. Trans Union received the November-2024 dispute and transmitted it to each entity that furnished information disputed by Plaintiff.

29. Despite receiving the November-2024 dispute, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

30. Despite receiving the November-2024 dispute, Trans Union continued to report incomplete and inaccurate information disputed by Plaintiff.

31. Despite receiving the November-2024 dispute, Trans Union continued to report the Account inaccurately.

32. Despite receiving the November-2024 dispute, Trans Union failed to provide Plaintiff with a copy of Plaintiff's credit report.

33. Despite receiving the November-2024 dispute, Trans Union failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

34. As a result of Trans Union's failure to take appropriate action in response to the November-2024 dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Trans Union.

35. On or about January-2025, Plaintiff continued to notify Trans Union in writing that false, inaccurate, and incomplete information remained on Plaintiff's credit report.

36. On or about January-2025, Plaintiff notified Trans Union in writing that the Account was false, inaccurate, and incomplete.

37. The written correspondence Plaintiff sent to Trans Union on January-2025, contained a brief statement setting forth the nature of the dispute.

38. As part of the written dispute Plaintiff sent to Trans Union on January-2025, Plaintiff requested a copy of Plaintiff's credit report from Trans Union.

39.     Plaintiff required a full and complete copy of Plaintiff's credit report from Trans Union so to ensure, among other things, the information about Plaintiff, as maintained by Trans Union, was appropriately accurate and complete.

40.     Plaintiff requested a copy of Plaintiff's credit report directly from Trans Union in writing because obtaining a copy directly from Trans Union online required Plaintiff to create an account and agree to undesignable terms and conditions, and requesting a copy from Trans Union over the phone lacked desired privacy.

41.     As part of the written dispute Plaintiff sent to Trans Union on January-2025, Plaintiff included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

42.     By and through the written dispute Plaintiff sent to Trans Union on January-2025, Plaintiff provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's credit report.

43.     Trans Union received the dispute sent by Plaintiff on or about January-2025, and transmitted such to each entity that furnished information disputed by Plaintiff.

44.     Despite receiving the dispute sent by Plaintiff on or about January-2025, Trans Union failed to include of statement of dispute in Plaintiff's credit file.

45.     Despite receiving the dispute sent by Plaintiff on or about January-2025, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

46.     Despite receiving the dispute sent by Plaintiff on or about January-2025, Trans Union continued to report incomplete and inaccurate information disputed by Plaintiff.

47.     Despite receiving the dispute sent by Plaintiff on or about January-2025, Trans Union continued to report the Account inaccurately.

48.     Despite receiving the dispute sent by Plaintiff on or about January-2025, Trans Union failed to provide Plaintiff with a copy of Plaintiff's credit report.

49.     Despite receiving the dispute sent by Plaintiff on or about January-2025, Trans Union failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

50.     Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency, of which negatively reflects on a consumer's credit worthiness by impacting their credit score negatively.

51.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

52.     Trans Union failed to conduct a reasonable investigation into Plaintiff's disputes.

53.     Trans Union failed to review and consider all relevant information submitted by Plaintiff.

54.     Trans Union failed to conduct an independent investigation and, instead, deferred to underlying furnishers of the Account despite the information Plaintiff provided to it (Trans Union).

55.     Trans Union did not conduct any independent investigation after it (Trans Union) received Plaintiff's disputes and, instead, chose to parrot the information it (Trans Union) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

56.     Trans Union possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Trans Union failed to correct the information.

57.     Trans Union's reporting of inaccurate information, despite evidence that said information is inaccurate, evidence Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

58.     Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

59.     Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

## ALLEGATIONS AS TO CREDIT CORP

60.     On a date better known by Credit Corp, Credit Corp began attempting to collect a debt (the "Alleged Debt") from Plaintiff.

61.     The Alleged Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the original creditor of the Alleged Debt, of whom is not Credit Corp, and Plaintiff.

62.     Credit Corp is a business entity engaged in the business of soliciting consumer debts for collection.

63.     Credit Corp is a business entity engaged in the business of collecting consumer debts.

64.     Credit Corp regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

65.     Credit Corp is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

66.     Credit Corp's "Consumer Collection Agency" license number is CCA9902738.

67. Credit Corp is required to maintain, and keep current within seven days, all the information and documentation required by Florida Administrate Code Rule 69V-180.080 with respect to the accounts placed with it for collection involving Plaintiff.

68. Credit Corp is required to maintain, and keep current within seven days, Plaintiff's name and address. Fla. Admin. Code R. 69V-180.080(3)(a).

69. Credit Corp is required to maintain, and keep current within seven days, the date any account relating to Plaintiff was placed with Credit Corp for collection. Fla. Admin. Code R. 69V-180.080(3)(b).

70. Credit Corp is required to maintain, and keep current within seven days, the original account number associated with each account placed with Credit Corp for collection that involves Plaintiff. Fla. Admin. Code R. 69V-180.080(3)(b).

71. Credit Corp is required to maintain, and keep current within seven days, the actual amount of the Alleged Debt submitted to Credit Corp for collection by the creditor. Fla. Admin. Code R. 69V-180.080(3)(c).

72. Credit Corp is required to maintain, and keep current within seven days, all payments made by Plaintiff for each account placed with Credit Corp for collection, the date of each payment, the amount of each payment, and any remaining balance after each payment. Fla. Admin. Code R. 69V-180.080(3)(e).

73. Credit Corp is required to maintain, and keep current within seven days, all documentation provided by the creditor that relates to Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(a).

74. Credit Corp is required to maintain, and keep current within seven days, the date Plaintiff incurred the underlying debt and the date of the last payment made by Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(b).

75. Credit Corp is required to maintain, and keep current within seven days, the identity of the original creditor of the debt placed with Credit Corp for collection as known by Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(c).

76. Credit Corp is required to maintain, and keep current within seven days, the amount of each debt involving Plaintiff at the time of charge off. Fla. Admin. Code R. 69V-180.080(9)(d).

77. Credit Corp is required to maintain, and keep current within seven days, copies of all letters, emails, and correspondence, whether written or electronic, sent to Plaintiff that relate to the account placed with Credit Corp for collection. Fla. Admin. Code R. 69V-180.080(10).

78. Further, Credit Corp is required to have written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

79. Credit Corp is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

80. Credit Corp is a "person" within the meaning of Fla. Stat. § 559.72.

81. Credit Corp reported a debt allegedly owed by Plaintiff to Trans Union in an attempt to collect said debt (the "Alleged Debt").

82. Credit Corp reported the Alleged Debt to Trans Union in connection with the collection of a debt.

83. Credit Corp reported false, misleading, incomplete, and inaccurate information regarding the Alleged Debt and Plaintiff to Trans Union (the "Volitive Information").

84. The Volitive Information includes, but is not limited to, the failure to report the payment history associated with the Alleged Debt, the date opened, the date Plaintiff first became delinquent, the status, and amount.

85. The Volitive Information is false, misleading, incomplete, and otherwise inaccurate because the history of payments made towards the Alleged Debt is completely omitted, the dates reported are more recent than accurate, and the amount reported exceeds any amount owed by Plaintiff, if anything.

86. Credit Corp recklessly, and with complete disregard as to the consequences of its misconduct, reported false, misleading, incomplete, and otherwise inaccurate information regarding Plaintiff to Trans Union in an attempt to collect the Alleged Debt.

87. Credit Corp's failure to maintain the minimum mandatory records voids, the natural consequence was false, incomplete, and inaccurate reporting of the Alleged Debt, voids Credit Corp's Consumer Collection Agency license.

88. As a result of Credit Corp reporting the Volitive Information, the Alleged Debt will erroneously remain on Plaintiff's credit for more time than allowed by law and negatively effects Plaintiff's credit worthiness.

89. As a result of Credit Corp reporting the Volitive Information, Plaintiff's creditworthiness will be negatively impacted because it makes Plaintiff appear to have been delinquent more recently than accurate.

90. As a result of Credit Corp reporting the Volitive Information, Plaintiff's creditworthiness will be negatively impacted because it makes Plaintiff appear to have never made any payments towards the Alleged Debt.

91.     As a result of Credit Corp reporting the Volitive Information, or more pointedly, failing to report the payments previously made by Plaintiff towards the Alleged Debt, makes it appear as though no payments towards the Alleged Debt have ever been made and that the amount Credit Corp seeks to collect is the full and original amount Plaintiff allegedly agreed to pay.

92.     On or about September-2024, Plaintiff obtained copies of Plaintiff's credit reports from Trans Union to review for accuracy in preparation of seeking lines of credit, as well as other services that consider Plaintiff's creditworthiness.

93.     Upon reviewing Plaintiff's credit reports, Plaintiff learned that Credit Corp was reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Alleged Debt.

94.     On or about November-2024, Plaintiff began notifying Trans Union that the Alleged Debt, as reported by Credit Corp, was false, incomplete, and inaccurate (the "Initial Dispute").

95.     Trans Union transmitted the Initial Dispute to Credit Corp.

96.     Despite receiving the Initial Dispute from Trans Union, Credit Corp failed to timely conduct a reasonable investigation into the Alleged Debt and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

97.     Despite Credit Corp failing to conduct an independent, reasonable investigation into the Initial Dispute, Plaintiff continued disputing the Alleged Debt with Trans Union, of whom transmitted Plaintiff's additional disputes to Credit Corp.

98.     On or about January-2025, Plaintiff continued to dispute the Alleged Debt with Credit Corp by and through disputes to Trans Union (the "Additional Disputes").

99. Credit Corp received each of Plaintiff's disputes regarding the Alleged Debt from Trans Union, as well as other credit reporting agencies.

100. Credit Corp failed to conduct an independent, reasonable investigation into the Alleged Debt in response to the disputes it received from Trans Union and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

101. As a result of Credit Corp reporting the Volitive Information to Trans Union in connection with the collection of the Alleged Debt, Plaintiff expended time drafting disputes to Trans Union regarding the Volitive Information, as well as incurring the cost of mailing the disputes Trans Union.

102. Plaintiff wasted time drafting and mailing the disputes to Trans Union as a result of Credit Corp reporting of the Volitive Information in connection with the collection of a debt.

103. Plaintiff incurred more than $10.00 in costs mailing the disputes Trans Union as a result of Credit Corp reporting the Volitive Information in connection with the collection of a debt.

104. On or about January-2025, Credit Corp continued to report the Volitive Information.

105. On or about February-2025, Plaintiff obtained new copies of Plaintiff's credit reports from Trans Union to review for accuracy in preparation of seeking lines of credit, as well as other services that consider Plaintiff's creditworthiness, such as employment and insurance.

106. Upon reviewing Plaintiff's credit reports, Plaintiff learned that Credit Corp was still reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Alleged Debt.

107.    As a result of Credit Corp reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Alleged Debt to Trans Union, Plaintiff became upset, distressed, and on more than (2) occasions lost three (3) hours of sleep.

108.    Plaintiff became anxious as to whether Plaintiff would be able to correct Credit Corp's reporting of the Volitive Information or whether Plaintiff would be forced to endure the negative consequences of Credit Corp's false, misleading, incomplete, and otherwise inaccurate information until more than seven years have passed from the delinquency date reported by Credit Corp.

109.    Credit Corp lacks policies and procedures reasonably adapted to prevent reporting false, misleading, incomplete, and otherwise inaccurate information to Trans Union.

## COUNT 1
## DECLARATORY RELIEF
(AGAINST TRANS UNION)

110.    Plaintiff incorporates by reference paragraphs 9 through 59 of this Complaint.

111.    "In order to invoke jurisdiction under the Declaratory Judgment Act, the complaint must show that there is a bona fide, actual, present and practical need for the declaration; that the declaration will deal with present, ascertained or ascertainable state of facts, or present controversy as to a state of facts; that some immunity, power, privilege or right is dependent upon facts or law applicable to facts; that there is some person or persons who have, or reasonably may have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court; and that the relief sought is not merely the giving of legal advice by the courts or the answers to questions propounded from curiosity." Connelly v. Old Bridge Vill. Co-Op, Inc., 915 So. 2d 652, 655 (Fla. 2nd DCA. 2005)

112.    Broad interpretation is to be given to the Declaratory Judgment Act <u>Olive v. Maas</u>, 811 So. 2d 644 (Fla. 2002). *Citing* <u>Merle Wood & Assocs. v. Intervest-Quay Ltd. P'ship</u>, 877 So. 2d 942, 943 (Fla. Dist. Ct. App. 2004).

113.    A bona fide controversy exists regarding whether Trans Union is complying with its duties under the FCRA.

114.    Plaintiff seeks a judicial declaration that Trans Union must: a. Disclose the complete contents of Plaintiff's consumer file, including all information furnished by Credit Corp; b. Include Plaintiff's dispute statement; and c. Refrain from suppressing or withholding furnished information.

115.    **WHEREFORE**, Plaintiff requests declaratory relief as set forth above, supplemental relief requiring full disclosure of her consumer file, and such further relief as the Court deems just and proper.

## COUNT 2
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
## <u>VIOLATION OF 15 U.S.C. § 1681e(b)</u>
### (AGAINST TRANS UNION)

116.    Plaintiff incorporates by reference paragraphs 9 through 59 of this Complaint.

117.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

118.    Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

119.     Trans Union further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

120.     Trans Union further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

121.     Trans Union's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

122.     Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

123.     In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

124.   The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

125.   The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

126.   In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

127.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

128.   As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

129.   WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3)

and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681i
(AGAINST TRANS UNION)

130. Plaintiff incorporates by reference paragraphs 9 through 59 of this Complaint.

131. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

132. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

133. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

134. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Trans Union on or about January-2025.

135. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

136.     On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff about January-2025.

137.     Trans Union further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

138.     Trans Union further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in Plaintiff's credit report.

139.     Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

140.     In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in

Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

141. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

142. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

143. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

144. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

145. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681g(a)**
(AGAINST TRANS UNION)

Page **20** of 35

146. Plaintiff incorporates by reference paragraphs 9 through 59 of this Complaint.

147. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's credit report, despite Plaintiff's multiple requests accompanied by proper identification, of which included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

148. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

149. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

150. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

151. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

152. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

153. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress,

and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

154.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)
(AGAINST TRANS UNION)

155.    Plaintiff incorporates by reference paragraphs 9 through 59 of this Complaint.

156.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to Plaintiff all of the information in Trans Union's file at the time of Plaintiff's request.

157.    When Trans Union produces and sells reports regarding Plaintiff to third parties, the full account numbers of the tradelines are included in its reports, demonstrating its ability to comply with the duty of full disclosure imposed by 15 U.S.C. § 1681g(a)(1).

158.    Complete account numbers are necessary for a consumer to research and evaluate the information contained therein.

159.    Trans Union owed a duty to Plaintiff, as obligated by 15 U.S.C. § 1681(a)(1), to disclose all the information in Plaintiff's file at the time of Plaintiff's request, of which includes full and complete account numbers.

160.    Trans Union willful, or alternatively negligent, failure to provide full and complete account numbers thwarted Plaintiff's ability to properly scrutinize and evaluate the information contained in Plaintiff's credit report.

161.    Due to widespread systemic failures, Trans Union's automated system omits complete account numbers reported by data furnishers. Trans Union is aware of such widespread systemic failures, the resulting breach of duty, and the negative consequences it has on the consumer, yet continues the unlawful practice.

162.    Despite the fact that the full account number was disclosed to Trans Union by the underlying furnisher and was otherwise part of Plaintiff's file at the time of Plaintiff's request on September-2024, Trans Union failed to disclose the full account number of the Account to Plaintiff.

163.    Trans Union 15 U.S.C. § 1681(a)(1) by failing to provide the complete account numbers, as such information is necessary for a consumer to research and evaluate the information contained therein.

164.    Having a duty to disclose all of the information regarding the accounts in the Plaintiff's file, Trans Union breached its duty by failing to provide the complete account numbers, as such information is necessary for a consumer to be able to research and evaluate the information contained therein.

165.    Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's complete disclosure of credit report, despite receiving

sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

166.    In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

167.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

168.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

169.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

170.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

171.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3)

and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 6**
**<u>DECLARATORY RELIEF</u>**
(AGAINST CREDIT CORP)

172. Plaintiff incorporates by reference paragraphs 60-109 of this Complaint.

173. A bona fide and actual controversy exists as to whether Credit Corp: a. Was required under Florida law and the Florida Administrative Code to maintain certain documentation as a condition of licensure; b. Lost its legal authority to collect debts in Florida by failing to maintain such documentation; c. Was obligated to furnish complete and accurate account information to Trans Union, including information required to be maintained under Florida law; and d. Violated federal and state law by furnishing incomplete, misleading, or legally deficient information to a consumer reporting agency.

174. Plaintiff seeks a judicial declaration resolving these issues and defining the scope of Credit Corp's obligations under federal and Florida law.

175. WHEREFORE, Plaintiff requests declaratory relief as stated above and supplemental relief requiring Credit Corp to comply with its recordkeeping and reporting obligations.

**COUNT 7**
**<u>VIOLATION OF 15 U.S.C. § 1692e</u>**
(AGAINST CREDIT CORP)

176. Plaintiff incorporates by reference paragraphs 60-109 of this Complaint.

177. Section 1692e of the FDCPA prohibits the use of **"false, deceptive, or misleading representation or means in connection with the collection of any debt."** 15 U.S.C. §1692e (emphasis added).

178.   As stated above, Credit Corp reported false, misleading, incomplete, and otherwise inaccurate information to Trans Union in connection with the collect of a debt from Plaintiff. Pointedly, Credit Corp failed to report the complete payment history, as well as falsely and/or misleadingly represented the date opened, the date Plaintiff first became delinquent, the status, and amount.

179.   Thus, by reporting the Volitive Information to Trans Union, Credit Corp made false, deceptive, and/or misleading representation in connection with the collect of the Alleged Debt. in violation of § 1692e of the FDCPA.

180.   As a result of Credit Corp reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Alleged Debt, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

181.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Credit Corp, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

## COUNT 8
## <u>VIOLATION OF 15 U.S.C. § 1692e(2)(A)</u>
(AGAINST CREDIT CORP)

182.   Plaintiff incorporates by reference paragraphs 60-109 of this Complaint.

183.   The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[t]he **false**

**representation of the character, amount, or legal status of any debt."** 15 U.S.C. § 1692e(2)(A). (emphasis added).

184.    As stated above, Credit Corp reported false, misleading, incomplete, and otherwise inaccurate information to Trans Union in connection with the collect of a debt from Plaintiff. Pointedly, Credit Corp failed to report the complete payment history, as well as falsely and/or misleadingly represented the date opened, the date Plaintiff first became delinquent, the status, and amount.

185.    Thus, by reporting the Volitive Information to Trans Union, Credit Corp made false representations regarding the character, among, and legal status of the Alleged Debt in violation of § 1692e of the FDCPA.

186.    As a result of Credit Corp reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Alleged Debt, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

187.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Credit Corp, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

**COUNT 9**
**VIOLATION OF 15 U.S.C. § 1692e(8)**
(AGAINST CREDIT CORP)

188.    Plaintiff incorporates by reference paragraphs 60-109 of this Complaint.

189. The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[c]**ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false....**" 15 U.S.C. § 1692e(8). (emphasis added).

190. As stated above, Credit Corp reported false, misleading, incomplete, and otherwise inaccurate information to Trans Union in connection with the collect of a debt from Plaintiff. Pointedly, Credit Corp failed to report the payment history, as well as falsely and/or misleadingly represented the date opened, the date Plaintiff first became delinquent, the status, and amount.

191. Here, Credit Corp knowingly chose to report the false, misleading, and/or otherwise incomplete information to Trans Union because the *correct* and *complete* information is among the information Credit Corp is required to obtain, retain, and keep up-to-date within seven (7) days, to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation, of which Credit Corp *must* possess to lawfully collect consumer debts from Florida consumers. Fla. Stat. § 559.553(1) ("A person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.").

192. As such, Credit Corp communicated to any person credit information which is known or which should be known to be false in violation of § 1692e(8) of the FDCPA by falsely reporting the Volitive Information to Trans Union because the *correct* and *complete* information among the information Credit Corp is required to obtain, retain, and keep up-to-date within seven (7) days, to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation, of which Credit Corp *must* possess to lawfully collect consumer debts from Florida consumers.

193.   As a result of Credit Corp reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Alleged Debt, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

194.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Credit Corp, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

**COUNT 10**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
(AGAINST CREDIT CORP)

195.   Plaintiff incorporates by reference paragraphs 60-109 of this Complaint.

196.   The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[t]**he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**" 15 U.S.C. § 1692e(10). (emphasis added).

197.   As stated above, Credit Corp reported false, misleading, incomplete, and otherwise inaccurate information to Trans Union in connection with the collect of a debt from Plaintiff. Pointedly, Credit Corp failed to report the complete payment history, as well as falsely and/or misleadingly represented the date opened, the date Plaintiff first became delinquent, the status, and amount.

198. Thus, by reporting the Volitive Information to Trans Union, Credit Corp used false representations and deceptive means to attempt to collect the Alleged Debt in violation of § 1692e(10) of the FDCPA.

199. As a result of Credit Corp reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Alleged Debt, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

200. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Credit Corp, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

### COUNT 11
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(AGAINST CREDIT CORP)

201. Plaintiff incorporates by reference paragraphs 60-109 of this Complaint.

202. On at least one occasion within the past two years, by example only and without limitation, Credit Corp violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

203. On at least one occasion within the past two years, by example only and without limitation, Credit Corp violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

204. On at least one occasion within the past two years, by example only and without limitation, Credit Corp violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

205. Upon information and belief, Credit Corp was aware of the FCRA obligations to reasonably investigate dispute when it received notice of Plaintiff's disputes.

206. When Credit Corp received notice of Plaintiff's disputes from Trans Union, Credit Corp could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

207. Credit Corp would have discovered that the information it was reporting about Plaintiff was inaccurate if Credit Corp had reviewed its own systems and previous communications with Plaintiff.

208. Credit Corp's investigation was *per se* deficient by reason of these failures on Credit Corp's investigation of Plaintiff's dispute.

209. As a direct and proximate result of Credit Corp's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

210. Credit Corp's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

211.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Credit Corp, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 12
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(AGASINT Credit Corp)

212.   Plaintiff incorporates by reference paragraphs 60-109 of this Complaint.

213.   On at least one occasion within the past two years, by example only and without limitation, Credit Corp violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

214.   On one or more occasions within the past two years, by example only and without limitation, Credit Corp violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

215.   On one or more occasions within the past two years, by example only and without limitation, Credit Corp violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

216.   When Credit Corp received notice of Plaintiff's disputes from Trans Union, Credit Corp could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

217.   Credit Corp would have discovered that the information it was reporting about Plaintiff was inaccurate if Credit Corp had reviewed its own systems and previous communications with Plaintiff.

218. Credit Corp's investigation was *per se* deficient by reason of these failures on Credit Corp's investigation of Plaintiff's dispute.

219. As a direct and proximate result of Credit Corp's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

220. Credit Corp's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

221. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Credit Corp, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: October 24, 2025

Respectfully Submitted,

 /s/ Ivory Hadaway                                    .
**IVORY HADAWAY, ESQ.**
Florida Bar No. 1043061
E-mail:    Ivory@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:    954-955-8298

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 24, 2025, the foregoing was electronically filed with the Clerk of the Court using the Florida e-filing portal, of which shall send a notice of electronic filing to all counsel of record.

/s/ Ivory Hadaway
**IVORY HADAWAY, ESQ.**
Florida Bar No. 1043061

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No. CACE-25-014779

JEWEL HILT,

      Plaintiff,

v.

TRANS UNION LLC AND CREDIT CORP
SOLUTIONS INC,

      Defendants.

_____/

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff Jewel Hilt provides Defendant Trans Union LLC ("Defendant") the following information.

### I.    INDIVIDUAL(S) WITH DISCOVERABLE INFORMATION

1.    Jewel Hilt, of whom can be contacted by and through the undersigned attorney, possesses information relating to the disputes identified in the operative Complaint and information relating to the debts, accounts, and disputes identified therein.

2.    Defendant possesses information relating to the disputes identified in the operative Complaint and information relating to the debts and accounts the subject of the underlying disputes.

3.    Any individuals and/or entities identified in the Initial Disclosures of the above-captioned Defendants.

### II.    DOCUMENTS IN PLAINTIFF'S POSSESSION, CUSTODY, OR CONTROL

4.    Plaintiff's credit report, disputes sent to Defendant, and any supporting documentation contained in Plaintiff's disputes.

### III.   DOCUMENTS IN DEFENDANT'S POSSESSION, CUSTODY, OR CONTROL

5.   Manuals, instructions, and guidelines, setting forth Defendant's policies for ensuring the accuracy of a consumer's Credit Report.

6.   Manuals, instructions, and guidelines, setting forth Defendant's policies and procedures for addressing and investing theft of a consumer's identity.

7.   Manuals, instructions, and guidelines, setting forth Defendant's policies and procedures for reporting a consumer's account as being "disputed."

8.   Copies of Plaintiff's consumer reports, credit reports, consumer disclosures, updates or other compilation of information in Plaintiff's file, both presently and in the past, including any historical or archived documents.

9.   Records of communications between Plaintiff and Defendant, including all documents, records of telephonic communications, logbooks or other records.

10.   Records of communications between Defendant and any party furnishing information related to Plaintiff or Plaintiff's identifiers, including all furnisher data, reinvestigation documents, records of telephonic communications, CDV's, ACDV's, UDF's, AUD's, and notices of modification or deletion sent pursuant to 15 U.S.C. § 1681i(a)(5)(A).

11.   Records of communications – including but not limited to any supporting documentation, specific requests for information, UDF's, AUD's, tape updates, Source Data Review documents, instructions, notes, screens, logs, policies, or legal requirements – relating to Plaintiff, Plaintiff's file or any information contained in Plaintiff's file.

12.   Records of actions taken by the Consumer Relations Center in relation to Plaintiff or any of Plaintiff's personal identifiers.

13. The database relating to Plaintiff (*i.e.*, all screens), of which includes but not limited to:

    (a)    "consumer personal information" screens;

    (b)    "consumer address information" screens;

    (c)    "suppression set detail" screens;

    (d)    "trade set detail" screens;

    (e)    "history search summary" screens;

    (f)    "detail line summary" screens;

    (g)    "expanded trade set detail" screens;

    (h)    "consumer request entry" screens;

    (i)    "credit file selection" screens;

    (j)    "inquiry set detail" screens;

    (k)    "address information" screens;

    (l)    "public record detail" screens;

    (m)    "dispute verification menu" screens;

    (n)    "ACDV subscriber responses" screens;

    (o)    "combine audit reports" screens;

    (p)    "consumer request display" screens;

    (q)    "activity log" screens;

    (r)    "comment summary" screens;

    (s)    "individual "comment" screens.

14. Documents containing the current names addresses and telephone numbers of persons who communicated with Plaintiff, worked on any aspect of Plaintiff's disputes or altered any information in Plaintiff's file.

15. Documents concerning how any information that does not belong to Plaintiff became incorporated into Plaintiff's file, and all documents related to procedures followed and action taken to prevent inaccurate information from being reported about Plaintiff or appearing in Plaintiff's file.

16. Documents relating to procedures for deleting or correcting inaccurate or unverifiable information and to assure that items disputed by a consumer, which are deleted or corrected, as inaccurate or unverifiable, do not subsequently appear on that consumer's credit reports.

17. Documents relating to procedures to assure compliance with 15 U.S.C. § 1681i, including procedures for deleting or correcting inaccurate or unverifiable information.

18. Documents relating to procedures to assure compliance with 15 U.S.C. § 1681e.

19. Agreements with any contractor, agent, company or person hired by Defendant to communicate with, respond to, reinvestigate or take any action pertaining to Plaintiff or plaintiff's file.

20. Agreements under which any subscriber, furnisher or public record vendor or reseller reported information or accessed information related to Plaintiff.

21. Documents and/or correspondence that refers to or relates to any fact(s) which may be relevant in this case excluding letters between Defendant and its attorney.

22.     Manuals, tests, video tapes, books or other documents pertaining to the training and supervision of defendant's employees or agents as to compliance with the Fair Credit Reporting Act, including 15 U.S.C. § 1681i and § 1681e.

23.     Documents reflecting a cost/benefit analysis regarding expenditures necessary for compliance with 15 U.S.C. § 1681i or the reinvestigation of disputed credit information.

24.     Document reflecting budgets or projections prepared within the preceding five years, allocating resources or expenditures to the conducting of reinvestigation under 15 U.S.C. § 1681i.

25.     Documents which contain any data about complaints, assessments, audits, reports or studies on the accuracy of information in Defendant's consumer reports.

26.     Documents showing claims or actions against Defendant for violations of the FCRA brought by consumers or government agencies during the previous five years.

27.     Documents showing defendant's current net worth, and pretax profits for the five years preceding and including the year of trial.

28.     Documents stating the meaning or definition of any codes, shorthand, terms or abbreviations appearing in any of the requested documents.

29.     Documents that evidence that relates to Plaintiff's claims, or Defendant's defenses or affirmative defenses.

30.     Documents and information identified by the above-captioned Defendants in their respective initial disclosures to Plaintiff.

## IV.     COMPUTATION OF DAMAGES CLAIMED BY PLAINTIFF

31.     Plaintiff seeks actual damages in an amount to be determined at trial. At this time, Plaintiff seeks  actual damages for the loss of credit, loss of ability to purchase and benefit from

credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial, sustained by Plaintiff. Plaintiff further seeks statutory damages of $100 to $1,000 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n. Further, Plaintiff seeks an award of punitive damages in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

DATED: October 29, 2025

Respectfully Submitted,

/s/ Ivory Hadaway
**IVORY HADAWAY, ESQ.**
Florida Bar No. 1043061
E-mail:    Ivory@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:    954-955-8298

*COUNSEL FOR PLAINTIFF*

Page **6** of **6**

Filing # 232529997 E-Filed 09/29/2025 12:18:43 PM

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

JEWEL HILT,

      Plaintiff,

v.

TRANS UNION LLC,

      Defendant.

_____/

### PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

      Plaintiff Jewel Hilt propounds the following discovery requests on Defendant Trans Union LLC. Responses to these discovery requests are due 45-days from the below service date. Attached as Appendix "A" are definitions of terms and phrases used in these discovery requests.

      The responses to these discovery requests must be sent *via* e-mail to: **Ivory Hadaway, Esq.**, at Ivory@pzlg.legal and **Brad Ryser**, at brad@pzlg.legal.

### CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on September 29, 2025, the foregoing was electronically filed with the Clerk of the Court using Florida e-Filing portal, of which will send a notice of electronic filing to all counsel of record.

              /s/ Ivory Hadaway

              **IVORY HADAWAY, ESQ.**
              Florida Bar No. 1043061
              E-mail:    Ivory@pzlg.legal
              Phone:    954-955-8298

              *COUNSEL FOR PLAINTIFF*

## REQUEST FOR PRODUCTION OF DOCUMENTS

*Please produce copies of the following documents:*

(1)    All consumer reports, credit reports, consumer disclosures, updates or other compilation of information in Plaintiff's file, both presently and in the past, including any historical or archived documents.

(2)    All records of communications between Plaintiff and Defendant, including all documents, records of telephonic communications, log books or other records.

(3)    All records of communications between Defendant and any party furnishing information related to Plaintiff or Plaintiff's identifiers, including all furnisher data, reinvestigation documents, records of telephonic communications, CDV's, ACDV's, UDF's, AUD's, and notices of modification or deletion sent pursuant to 15 U.S.C. § 1681i(a)(5)(A).

(4)    All records of communications – including but not limited to any supporting documentation, specific requests for information, UDF's, AUD's, tape updates, Source Data Review documents, instructions, notes, screens, logs, policies, or legal requirements – relating to Plaintiff, Plaintiff's file or any information contained in Plaintiff's file.

(5)    All records of actions taken by the Consumer Relations Center in relation to plaintiff or any of plaintiff's personal identifiers.

(6)    The entire database relating to Plaintiff (*i.e.*, all screens) including but not limited to:

        (a)    "consumer personal information" screens;
        (b)    "consumer address information" screens;
        (c)    "suppression set detail" screens;
        (d)    "trade set detail" screens;
        (e)    "history search summary" screens;
        (f)    "detail line summary" screens;
        (g)    "expanded trade set detail" screens;
        (h)    "consumer request entry" screens;
        (i)    "credit file selection" screens;
        (j)    "inquiry set detail" screens;
        (k)    "address information" screens;
        (l)    "public record detail" screens;
        (m)    "dispute verification menu" screens;
        (n)    "ACDV subscriber responses" screens;
        (o)    "combine audit reports" screens;
        (p)    "consumer request display" screens;
        (q)    "activity log" screens;
        (r)    "comment summary" screens;
        (s)    "individual "comment" screens.

(7)    All documents containing the current names addresses and telephone numbers of persons who communicated with Plaintiff, worked on any aspect of Plaintiff's disputes or altered any information in Plaintiff's file.  Defendant may produce a list of witnesses with names, addresses and telephone numbers in lieu of the documents requested.

(8)    All name scans relating to Plaintiff during the relevant time period.

(9)    All permanent unify records, combine audit logs, or online combine audit logs relating to Plaintiff.

(10)    All audit 16 records relating to Plaintiff.

(11)    All journal 20 records relating to Plaintiff.

(12)    All audit trail documents relating to Plaintiff.

(13)    All documents concerning whether Plaintiff's file was mixed with that of any other consumer(s) and any action taken to unmix plaintiff's file or prevent it from being mixed, as well as the date and reason why the files became mixed.

(14)    All documents concerning how any information that does not belong to Plaintiff became incorporated into Plaintiff's file, and all documents related to procedures followed and action taken to prevent inaccurate information from being reported about Plaintiff or appearing in Plaintiff's file.

(15)    All documents relating to procedures for deleting or correcting inaccurate or unverifiable information and to assure that items disputed by a consumer, which are deleted or corrected, as inaccurate or unverifiable, do not subsequently appear on that consumers credit reports.

(16)    All documents, manuals, guides, or other materials related to mixed files, including procedures and algorithms for assigning information reported to Defendant to a consumer's file, and functions, procedures, programs, or computer-aided methods to prevent mixed files or to unmix files that have been mixed.

(17)    All documents relating to procedures to assure compliance with 15 U.S.C. § 1681i, including procedures for deleting or correcting inaccurate or unverifiable information.

(18)    All documents relating to procedures to assure compliance with 15 U.S.C. § 1681e, including procedures to prevent mixing credit information of two or more different people and to correct credit reports or credit files that include credit information from two or more different people.

(19)   All records, including invoices or billing records, of furnishing, printing or selling any consumer report, data, or score relating to plaintiff within the past five years, including the information that was furnished, the date the information was furnished, the name and address of the party who received the information, the price paid, and all invoices or billing records.

(20)   All agreements with any contractor, agent, company or person hired by Defendant to communicate with, respond to, reinvestigate or take any action pertaining to Plaintiff or plaintiff's file.

(21)   All agreements under which any subscriber, furnisher or public record vendor or reseller reported information or accessed information related to Plaintiff.

(22)   Employment and salary records of everyone who communicated with Plaintiff, worked on any aspect of Plaintiff's disputes or altered any information in Plaintiff's file, and all programs under which employees who communicate with consumers or handle any aspect of consumer disputes are provided any bonus, pay, or other incentive.

(23)   All documents and/or correspondence that refers to or relates to any fact(s) which may be relevant in this case excluding letters between defendant and its attorney.

(24)   All manuals, tests, video tapes, books or other documents pertaining to the training and supervision of defendant's employees or agents as to compliance with the Fair Credit Reporting Act, including 15 U.S.C. § 1681i and § 1681e.

(25)   All cost/benefit analysis regarding expenditures necessary for compliance with 15 U.S.C. § 1681i or the reinvestigation of disputed credit information.

(26)   All budgets or projections prepared within the preceding five years, allocating resources or expenditures to the conducting of reinvestigation under 15 U.S.C. § 1681i.

(27)   All documents concerning the number of consumer disputes investigated as mixed file matters (according to your own criteria for identifying mixed files) in each of the previous five years.

(28)   All documents which contain any data about complaints, assessments, audits, reports or studies on the accuracy of information in Defendant's consumer reports, including mixed files.

(29)   All documents showing claims or actions against defendant for violations of the FCRA brought by consumers or government agencies during the previous five years.

(30)   All documents showing defendant's current net worth, and pretax profits for the five years preceding and including the year of trial.

(31)   All documents stating the meaning or definition of any codes, shorthand, terms or abbreviations appearing in any of the requested documents.

(32)   All other documentary evidence that relates to Plaintiff's claims, or Defendant's defenses or affirmative defenses.

**\*\*\* END OF PRODUCTION REQUESTS \*\*\***

## INTERROGATORIES

(1)     Identify each Person that Defendant has furnished a copy of Plaintiff's consumer report since January 01, 2018.

**RESPONSE:**

(2)     For each Person that Defendant has furnished a copy of Plaintiff's consumer report since January 01, 2018, state the date of the Person's request.

**RESPONSE:**

(3)     Separately for each Person that Defendant has furnished a copy Plaintiff's consumer report since January 01, 2018, state exactly what "consumer identification information" that Person provided to Defendant to identify the consumer on whom it was requesting the report.

**RESPONSE:**

(4)     Identify each document that contains or reflects the "consumer identification information" that the Person submitted to Defendant which led to Defendant furnishing that person with a copy of Plaintiff's consumer report.

**RESPONSE:**

(6)     Explain in detail what Defendant requires as "Proper identification" from a consumer before Defendant will send that consumer a copy of his or her consumer disclosure.

**RESPONSE:**

(7)     Explain in detail the minimum "consumer identification information" that Defendant requires a Person to provide to Defendant before Defendant will send that Person a consumer report.

**RESPONSE:**

(8)     Identify each communication that Defendant has had with Plaintiff within the past five (5) years of present day.

**RESPONSE:**

(9)     Separately with respect to each item of information that Plaintiff disputed as inaccurate, describe what Defendant did to reinvestigate that information and identify the employee(s) who conducted the reinvestigation.

**RESPONSE:**

(10)    Fully describe the procedures of Defendant since January-2018 for investigating an account that is reported as a fraudulent account.

**RESPONSE:**

(11)    Provide a complete Audit Trail for Defendant's file on Plaintiff.

**RESPONSE:**

(13)   In chronological order for the period from January 1, 2018, to present, state each address Defendant has had in its files as Plaintiff's address and the period(s) during which that address was shown in Defendant file as plaintiff's current address.

**RESPONSE:**

(14)   For each address listed in your response to Interrogatory No. 11, identify the person or entity that furnished the information that caused Defendant to list that address as Plaintiff's current address for that period of time.

**RESPONSE:**

(15)   For each change Defendant made after January 1, 2018, to Plaintiff's date of birth in its file, explain why Defendant changed that date, state the new date it put in Plaintiff's file, state when Defendant made that change, and identify the person or entity that supplied the information that Defendant relied upon in making this change.

**RESPONSE:**

*** END OF INTERROGATORIES ***

## VERIFICATION

Under penalties of perjury, I, the undersigned affiant, declare that I have read the foregoing

Answers to Interrogatories, and that the Answers are true and correct.

_____
AFFIANT SIGNATURE

_____
PRINTED NAME OF AFFIANT

_____
CAPACITY / TITLE OF AFFIANT

**BEFORE ME,** the undersigned authority, personally appeared _____,

who produced as identification _____, bearing

number _____ expiring on _____ who

did take an oath, who stated that he/she is the person noted above, and that, according to his/her

best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 202_____.

_____
SIGNATURE OF NOTARY

_____
PRINTED NAME OF NOTARY

SEAL OF NOTARY

## APPENDIX "A" - DEFINITIONS

(1)  "Action" shall mean the above captioned matter.

(2)  "Any," "All," and "each" shall be construed as any, all and each.

(3)  "And" shall mean and/or.

(4)  "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)  "Complaint" means the operative Complaint filed in the above captioned action.

(6)  "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(7)  "Defendant," "you," and "your" shall mean Trans Union LLC, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(8)  "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Fed. R. Civ. P. 26, 33, 34 and 36.

(9)    "FCRA" means the Fair Credit Reporting Act.

(10)    "Including" means: (1) including, but not limited to, or (2) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(11)    "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(12)    "Or" shall mean and/or.

(13)    "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(14)    "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(15)    "Plaintiff" or "Plaintiff's" shall mean the above-captioned Plaintiff.

(16)    The term "file" has the meaning contained in 15 U.S.C. § 1681a(g).

(17)    The term "mixed file" means a consumer report or file that contains any information about a person other than the person who is the subject of that consumer report or file.

(18)    The term "consumer report" has the meaning contained in 15 U.S.C. § 1681a(d).

(19)    "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action and ends on October 18, 2021.

Filing # 236166350 E-Filed 11/19/2025 03:05:27 PM

**IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**Case No. CACE-25-014779**

JEWEL HILT,

        Plaintiff,

v.

TRANS UNION LLC and
CREDIT CORP SOLUTIONS INC,

        Defendants.

_____ /

**UNOPPOSED DEFENDANT'S MOTION FOR EXTENSION
OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

The Defendant CREDIT CORP SOLUTIONS INC ("Credit Corp" or "Defendant"), by and through its undersigned counsel, submits this unopposed motion for an extension of time through Wednesday, December 10, 2025, for the Defendant to respond to the Complaint (the "Unopposed Motion"). For the reasons set forth below, the Unopposed Motion should be granted.

1. On or about October 24, 2025, Plaintiff filed the First Amended Complaint (the "Complaint").

2. The Complaint was served on or about October 30, 2025.

3. The Defendant engaged undersigned counsel to represent it in connection with this action.

4. Undersigned counsel must review and analyze the allegations contained in the Complaint, as well as review relevant documents and speak with the clients to discuss the allegations contained in the Complaint for purposes of preparing a response to the Complaint, including, but not limited to, the possibility of serving a motion directed to the sufficiency of the

allegations contained in the Complaint as well as any defenses relating to service of process and jurisdiction over the Defendant.

5.      In order to do such a review of the factual and legal basis for the claims asserted in the Complaint and potential defenses, undersigned counsel for the Defendant requires an extension of time through Wednesday, December 10, 2025.

6.      Undersigned counsel for the Defendant contacted counsel for the Plaintiff regarding the relief requested in this Unopposed Motion and represents to the Court that counsel for the Plaintiff has no objection to the extension of time requested in this Unopposed Motion.

WHEREFORE, the Defendant, Credit Corp, respectfully requests that this Court grant the Unopposed Motion and extend the time for the Defendant to respond to the Complaint through Wednesday, December 10, 2025, together with granting such other and further relief as to this Court appears just and proper.

2

Respectfully submitted,

/s/ *Seth P. Robert*
Seth P. Robert
Florida Bar No. 145696
Connis O. Brown, III
Florida Bar No. 641960
Samantha Espada
Florida Bar No. 1031984
**BROWN ROBERT, LLP**
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Telephone:  954.832.9400
Facsimile:  954.832.9430
E-mail: srobert@brownrobert.com
E-mail: cbrown@brownrobert.com
E-mail: sespada@brownrobert.com

*Attorneys for Defendant Credit Corp Solutions Inc*

3

**<u>Certificate of Service</u>**

I hereby certify that on November 19, 2025 I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which served a copy of the foregoing upon the

following:

Ivory Hadaway, Esq.
Victor Zabaleta, Esq.
Patti Zabaleta Law Group
110 SE 6th Street, 17th Floor
Fort Lauderdale, FL 33301
E-mail: Ivory@pzlg.legal
E-mail: victor@pzlg.legal
*Attorneys for Plaintiff*

/s/ *Seth P. Robert*
Seth P. Robert
Florida Bar No. 145696

4

Filing # 236178366 E-Filed 11/19/2025 04:13:00 PM

### IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
### IN AND FOR BROWARD COUNTY, FLORIDA

JEWEL HILT,

        Plaintiff,

v.

                                Case No. CACE-25-014779

TRANS UNION LLC and
CREDIT CORP SOLUTIONS, INC.,

        Defendants.

_____/

### UNOPPOSED MOTION FOR EXTENSION OF TIME FOR TRANS UNION LLC
### TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Defendant Trans Union LLC ("Trans Union"), one of the Defendants herein, by and through its attorney of record, hereby files its Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint, and would respectfully show the court as follows:

1. Plaintiff Jewel Hilt filed her Complaint in this action on September 19, 2025. Trans Union was served with Plaintiff's Summons and Complaint on October 30, 2025, making Trans Union's deadline to respond to Plaintiff's Complaint November 19, 2025.

2. Trans Union requests a thirty (30) day extension of that deadline, up to and including December 19, 2025.

3. No prior extension of this deadline has been requested.

4. Counsel for Trans Union communicated with Plaintiff's Counsel via email regarding an extension within which to file a response to the Complaint, and Plaintiff's counsel agreed to the extension.

5. This request for an extension of time is not made for any improper purpose and will not prejudice the orderly administration of this matter.

1

8381127.1

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 11/19/2025 04:13:00 PM.****

NOT AN OFFICIAL COPY – CCIS – SUBSCRIBER – CCIS

6. No party will be prejudiced by the extension. The case was recently filed, and no substantive activities have taken place.

7. Trans Union does not request oral argument on the Motion.

WHEREFORE, Defendant Trans Union, by counsel, hereby requests that the court enter an Order: (1) granting its Unopposed Motion for an Extension of Time; (2) provide Trans Union with an extension of time to file its responsive pleadings to the Complaint until December 19, 2025; and (3) awarding Trans Union such further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Alexandria Epps

Alexandria Epps
Florida Bar No. 1002739
aepps@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 560-5463
Fax: (214) 871-2111
**Counsel for Trans Union LLC**

2

8381127.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 19th day of November 2025, I electronically filed the foregoing with the Clerk of the Court on the Court's E-Filing System.

Ivory Hadaway
Ivory@pzlg.legal
Patti Zabaleta Law Group
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
(954) 955-8298
***Counsel for Plaintiff***

/s/ Alexandria Epps
**ALEXANDRIA EPPS**

NOT AN OFFICIAL COPY – CCIS – SUBSCRIBER – CCIS

3

8381127.1

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

JEWEL HILT,

      Plaintiff,

v.

TRANS UNION LLC and
CREDIT CORP SOLUTIONS, INC.,

      Defendants.

Case No. CACE-25-014779

_____/

**ORDER GRANTING DEFENDANT TRANS UNION LLC'S UNOPPOSED
MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

This matter is before the Court on Defendant Trans Union LLC's Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint.

The Court has considered Trans Union LLC's Motion, and it is so ORDERED AND ADJUDGED that the Motion is GRANTED.  Trans Union shall file its Answer or otherwise respond to Plaintiff's Complaint no later than December 19, 2025.

DATED this _____ day of _____ 2025.

_____
PRESIDING JUDGE

NOT AN OFFICIAL COPY – CCIS – SUBSCRIBER – CCIS

1